UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BELLINZONI, S.R.L.,

        Plaintiff,

v.                                   Case No:   6:18-cv-1971-Orl-22GJK

BELL ITALY SOLUTION CORP.,

        Defendant.

**REPORT AND RECOMMENDATION**[1]

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF BELLIZONI, S.R.L.'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REASONABLE COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 56)** |
| **FILED:** | **March 23, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

**I.    BACKGROUND**

On February 3, 2020, the undersigned issued a Report and Recommendation granting Plaintiff's Motion for Entry of Default Final Judgment against Defendant and finding that Plaintiff was entitled to reasonable attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a) and Florida's Deceptive and Unfair Trade Practices Act, section 501.2105, Florida Statutes.   Doc. No. 53 at 14-15; Doc. No. 54.   On March 9, 2020, the District Court issued an order adopting the undersigned's

---

[1] Magistrate Judge Baker is substituting for Magistrate Judge Kelly.

Report and Recommendation.   Doc. No. 54.   On March 23, 2020, Plaintiff filed a Motion for an Award of Attorney's Fees and Reasonable Costs (the "Motion").   Doc. No. 56.   In support of its Motion, Plaintiff filed the declaration of Ellen Matthews and the Declaration of Edward Fitzgerald regarding the reasonableness of fees.   Doc. Nos. 56-1; 59.

## II.     ANALYSIS

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) (Florida courts have also adopted this approach).   The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.   *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.   *Johnson*, 488 F.2d at 717-19.[2]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations omitted).

---

30, 1981.

A.      Reasonable Hourly Rate.

Plaintiff claims the following hourly rates for the four attorneys and two paralegals who worked on this case: 1) Ellen Matthews $425 and $350 (after December 2019); 2) Gennifer Bridges $315 (through September 2019), and then $350; 3) Benjamin Coulter $325; 4) Jacob Burchfield $260; 5) paralegal Michael Ivey $230; and 6) paralegal Christy Floyd $250. Doc. No. 56 at 4. Ms. Matthews, Ms. Bridges, and Mr. Coulter are all partners at Burr & Forman with experience ranging from nine to twelve years. Doc. No. 56 at 4. Mr. Burchfield is an associate with two years of experience. *Id.* Mr. Ivey and Ms. Floyd are listed as senior paralegals, but there is no explanation of their experience nor other support for their rather high rates except for their designation as senior paralegals. The Court finds that the attorneys' hourly rates are reasonable, however, the paralegals' rates are not. Thus, the Court recommends the paralegal rates be reduced to $150 per hour.

B.      Reasonableness of Hours.

Based upon the Court's review of the time entries, and the Declarations of Ms. Matthews and Mr. Fitzgerald, the Court finds that the hours expended are reasonable. Doc. Nos. 56-1; 59-1. Thus, the lodestar attorney's fees award would be:

| **Attorneys**      | **Hours**  | **Rate**      | **Total** |
|--------------------|------------|---------------|-----------|
| Ellen Matthews     | 14.4/41.8  | $425/$350     | $20,750   |
| Gennifer Bridges   | 2.0/8.9    | $315/$350     | $3,745    |
| Benjamin Coulter   | .8         | $325          | $260      |
| Jacob Burchfield   | 24.5       | $260          | $6,370    |
| **Paralegals**     | **Hours**  | **Rate**      | **Total** |
| Michael Ivey       | 1.7        | $150          | $255      |

| | | | |
|---|---|---|---|
| Christy Floyd | .3 | $150 | $45 |
| **Total** | **94.4** | | **$31,425** |

The Court recommends awarding attorney's fees of $31,425 in favor of Plaintiff against Defendant.

    B.    Costs

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.  Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs.   Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id*. The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The party seeking costs must provide sufficient detail and documentation regarding the

requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Plaintiff has provided documentation for the $530 in costs it claims, including filing fees and service of process fees. Doc. No. 56 at 2; 56-1 at 9, 13, 18. As such, the Court recommends awarding Plaintiff's costs of $530.

### III. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 56) be **GRANTED in part** and **DENIED in part** as follows:

1. The Court award Plaintiff $31,425 in attorney's fees against Defendant;

2. The Court award Plaintiff $530 in costs against Defendant; and

3. The Motion otherwise be **DENIED.**

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2020.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy